UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

PETER C. ANDREOTTI,                             BK. NO. 05-21400-B-13

       Debtor.
_____/

MELANIE ANDREOTTI, a minor, by
E. JOAN BELL, her Guardian ad
Litem,
                                          NO. CIV. S-05-747 LKK

       Plaintiff,

   v.                                          O R D E R

PETER C. ANDREOTTI and
DEBRA ANDREOTTI,

       Defendants.
_____/

    On July 22, 2002, Melanie Andreotti ("plaintiff") filed a complaint in Sacramento County Superior Court alleging sexual abuse, intentional infliction of emotional distress, and two counts of negligent infliction of emotional distress against her stepfather, Peter Andreotti ("defendant"). On February 24, 2005,

1

defendant removed this case to the Eastern District of California pursuant to 28 U.S.C. § 1452(b), on the basis of "related to bankruptcy" jurisdiction.

## I.

## BACKGROUND[1]

In state court, defendant moved to reopen discovery on February 8, 2005, although trial was set for February 14, 2005. That motion was denied. On February 11, 2005, defendant filed for bankruptcy relief in the Eastern District of California. Consequently, all matters relating to this action were immediately stayed. On February 24, 2005, defendant removed the case to the United States Bankruptcy Court for the Eastern District of California.

During the bankruptcy proceedings, plaintiff objected to defendant's proposed Chapter 13 plan, which designated a minimum of $40,000 (plaintiff sought damages totaling $ 2,000,000 in this action). On March 30, 2005, defendant filed a motion to withdraw reference, i.e., to transfer the proceedings from bankruptcy court to this court. Plaintiff filed a statement of non-opposition to the motion to withdraw reference and a counter-motion to remand. All bankruptcy-related matters have been continued until August 18, 2005, when the bankruptcy court will hear plaintiff's objections to defendant's proposed Chapter 13 plan. Pending before the court is plaintiff's motion to remand this case to the Sacramento County

---

[1] Background facts are derived from the parties' papers.

Superior Court.[2]

## II.

### ANALYSIS

Plaintiff contends that her motion should be granted because equity favors remanding the matter to state court. Plaintiff's arguments are persuasive.

As a threshold matter, the court notes that plaintiff's suit was properly removed to bankruptcy court because it is "related to" the bankruptcy filing.[3] The Supreme Court has held that "related to" jurisdiction under Section 1334(b) should be interpreted broadly. Celotex Corporation v. Edwards, 514 U.S. 300, 307-08 (1995). Because plaintiff's lawsuit against defendant involves a potentially large claim, it conceivably has an effect on the estate being administered in bankruptcy. Thus, the action is related to

---

[2] Because plaintiff does not oppose defendant's motion to withdraw reference, this court assumes jurisdiction to consider plaintiff's motion to remand.

[3] The Ninth Circuit has adopted a test set forth by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (1984), where the Circuit Court explained that:

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy...Thus the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. See Fietz v. Great Western Savings, 852 F.2d 455, 457 (9th Cir. 1988).

3

the bankruptcy proceedings and was properly removed.

Turning to the motion to remand, a district court has original, but not exclusive, jurisdiction over a civil action whose outcome could conceivably have any effect on the administration of a bankruptcy estate. In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (adopting rule from Pacor Inc., v. Higgins, 743 F.2d 984, 994 (3rd Cir. 1984)). District courts are not required to adjudicate such removed actions. 28 U.S.C. § 1452(b) expressly provides that, "The court may . . . remand (such actions) on any equitable ground." Therefore, a court has discretion to remand a case arising under or relating to Title 11 based on notions of "general fairness." Schwarzer, Federal Civil Procedure Before Trial § 2:846 (The Rutter Group 2003).

There is no controlling authority on the meaning of "equitable ground" because § 1452(b) also provides that: "An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court of the United States . . . ." In reaching its remand decision, a court may consider such factors as respect for state-court decision-making and the predominance of state court issues. Schwarzer, Federal Civil Procedure Before Trial § 2:846.19. (The Rutter Group 2003). No consistent test emerges from the courts. Rather, courts have considered various factors and devised different tests depending on the unique circumstance of each case in applying the "equitable
////

ground" language.[4]  Having carefully considered the instant matter and various "fairness factors," the court finds that fairness requires the action be remanded so it can finally be concluded.

The parties were litigating for three years in the state court before defendant filed for bankruptcy and removed the matter to bankruptcy court.  Three days before trial was to commence on February 14, 2005, defendant filed for bankruptcy, and ten days later, defendant removed the matter to bankruptcy court.  Because the case proceeded through pretrial, the California court is intimately familiar with the issues and the state law that governs

////

---

[4] The Second Circuit has held that § 1452(b)'s reference to "equitable ground" simply means one that is fair and reasonable. Cathedral of the Incarnation in the Diocese of Long Island v. Garden City Co., Inc., 99 F.3d 66, 69 (2d Cir. 1996).  A Ninth Circuit bankruptcy appellate panel has explained that this "equitable ground" standard is an "unusually broad grant of authority" which "subsumes and reaches beyond all of the reasons for remand under the nonbankruptcy removal statutes." In re McCarthy, 230 B.R. 414, 417 (9th Cir. BAP 1999).  The Southern District of California has held that consideration of the following factors may be appropriate in determining whether to remand:  (1) the effect of the action on the administration of the bankruptcy estate;  (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5)  the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court. Williams v. Shell Oil, 169 B.R. 684, 692-93 (S.D. Cal. 1994). Finally, defendants point to Western Helicopters, Inc. v. Hiller Aviation, Inc., 97 B.R. 1, *2 (E.D. Cal. 1988) where Judge Schwartz remanded a civil case based on considerations of "judicial economy; comity and respect for state court decision-making capabilities; the effect of remand upon the related title 11 estate; the effect of bifurcating the claims and parties to an action and the possibilities of inconsistent results; the predominance of state law issues and non-debtor parties; and the prejudice to other parties to the action."

the case.[5] Defendant admits that plaintiff's lawsuit is the reason he sought bankruptcy protection in the first instance. Opp'n at 1. It is clear to the court that through the filing of the bankruptcy proceedings and the motion to reopen discovery in state court, defendant was merely seeking to delay trial. Notably, plaintiff explains that the state court would set trial within sixty to ninety days and that if this matter were remanded to the state court, trial would likely begin in October or November of this year.[6] Plaintiff contends that if the case remains with this court, it is likely to further delay trial. Pl.'s Repl. at 3. Plaintiff's argument is well-taken. In sum, consideration of judicial economy and comity supports remand to the state court, especially considering the time invested by that court in the case.

Defendant contends that he will be prejudiced by remand because of the resources he has already expended in trying the matter at the federal level. Defendant points out that plaintiff could have moved for remand in February when this case was removed, but did not. This argument is unpersuasive. Both parties have incurred expenses at the federal level. Rather, it appears that plaintiff would be prejudiced if this court were not to remand the

---

[5] Significantly, all claims are based upon state law causes of action. Although the law involved in this case is not difficult, per se, the California court certainly has a greater degree of expertise than does this court.

[6] During oral argument, defendant maintained that a trial in state court could not begin earlier than March or April 2006. As I explained to defendant during the hearing, it is unlikely that the trial could begin any sooner in this court.

6

1 instant case.  Plaintiff contends that she was prejudiced when
2 defendant removed this action three days prior to trial because she
3 was prepared to proceed with trial which was actually set to begin.
4 The removal statute was not intended as a litigation strategy to
5 be used for the purpose of delay.
6     For the reasons set forth above, the court ORDERS as follows:
7     1.  The motion to withdraw reference is GRANTED;
8     2.  The motion to remand the suit removed from the Superior
9 is GRANTED; and
10    3.  The matter is REFERRED to the Bankruptcy Court for such
11 further proceedings as it deems appropriate.
12    IT IS SO ORDERED.
13    DATED:  August 3, 2005.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT